NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 11 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50053 |
| Plaintiff-Appellee, | D.C. No.<br>2:18-cr-00085-SJO-1 |
| v. | |
| GEORGE MICHAEL BRANDON GLASS,<br>AKA George Brandon Glass, AKA George<br>Michael Glass, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted December 11, 2020
Pasadena, California

Before:  N.R. SMITH and LEE, Circuit Judges, and KENNELLY,[**] District Judge.

George Brandon Glass pled guilty to a felon-in-possession charge under 18

U.S.C. § 922(g)(1), reserving the right to appeal the district court's denial of his

motion to suppress.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Oxnard police officers seized a firearm and ammunition from Glass after stopping him as he exited an apartment building. Glass first argues that the officer detained him without reasonable suspicion that he was engaged in criminal activity to justify the detention.[1] "[D]eterminations of reasonable suspicion" are reviewed de novo, "but [the] factual findings underlying those determinations are reviewed for clear error, giving due weight to inferences drawn from those facts by resident judges and local law enforcement." *United States v. Bontemps*, 977 F.3d 909, 913 (9th Cir. 2020) (internal quotation marks omitted). "[T]o reverse a district court's factual findings as clearly erroneous, we must determine that the district court's factual findings were illogical, implausible, or without support in the record." *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010).

In concluding that the officers had reasonable suspicion, the district court found that the apartment building was in a high-crime area and had a significant number of trespassing complaints; Glass had a tattoo and his companion had clothing indicating affiliation with a particular street gang; while exiting the building and seeing the officers, Glass hesitated and appeared to contemplate fleeing back into the building; and he responded vaguely and hesitantly to inquiries about his identity. We cannot say that the district court's findings "were illogical,

[1] We assume familiarity with the facts and do not repeat the here except as necessary to resolve the legal issues before us.

implausible, or without support in the record." *Id.* Based on those findings, the district court properly concluded that the officers had reasonable suspicion to detain Glass for investigation regarding trespassing. *See United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (law enforcement may detain individuals and conduct brief investigative detentions when there is reasonable suspicion that criminal activity is afoot).

Glass also argues that the officers exceeded the proper scope of the stop by investigating his parole and probation status and unnecessarily prolonging the stop. An investigatory stop must be "reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio*, 392 U.S. 1, 20 (1968).

Because the officers had reasonable suspicion to stop Glass to investigate him for trespassing, they had reasonable suspicion to make inquiries related to his identity, particularly in view of the fact that Glass did not possess any form of identification. *See United States v. Christian*, 356 F.3d 1103, 1106–08 (9th Cir. 2004) (recognizing that both Ninth Circuit and Supreme Court precedent "suggest that determining a suspect's identity is an important aspect of police authority under *Terry*"). Though it is generally true that inquiries not reasonably related to the initial justification for a stop are unlawful, the Fourth Amendment tolerates "certain unrelated investigations" that do not lengthen the time of the detention.

*See Rodriguez v. United States*, 575 U.S. 348, 354–55 (2015).  Here, the evidence showed that parole/probation check was part of the background check, and the officer's questions about Glass's parole/probation status came while he waited for the results of the background check.  Thus, neither the parole/probation check nor the questions about Glass's parole/probation status measurably extended the duration of the stop, and neither action ran afoul of the Fourth Amendment.  *See id.*

**AFFIRMED.**